# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 30, 2016

Plaintiff-Appellant,

v

No. 326754
Cass Circuit Court

MELISSA ANN BORGAIS,

LC No. 14-010265-FH

Defendant-Appellee.

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

The prosecution appeals by leave granted the sentences imposed on defendant Melissa Ann Borgais for her guilty plea convictions of two counts of assault with intent to do great bodily harm less than murder ("AGBH"), MCL 750.84(1)(a); and first-degree home invasion, MCL 750.110a(2). The trial court departed from the recommended minimum sentence range under the legislative guidelines and sentenced defendant to 252 days in jail for each conviction, with credit for 252 days, as well as 48 months' probation with a requirement that defendant wear a SCRAM tether for 150 days and enroll in the Swift and Sure Sanctions Probation Program (SSSPP). We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion.

The prosecution argues that the trial court erred when it departed from the sentencing guidelines without substantial and compelling reasons for doing so. After defendant was sentenced, our Supreme Court held that Michigan's sentencing guidelines were advisory only, and struck down "the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *People v Lockridge*, 498 Mich 358, 364-365, 399; 870 NW2d 502 (2015). Thus, the prosecution's claim that the trial court erred by failing to state substantial and compelling reasons for its downward departure is no longer viable under Michigan law and will not be further addressed by this Court. *Id.*; see *People v Steanhouse*, 313 Mich App 1, ___; ___NW2d___ (2015) (Docket No 318329); slip op at 21 n 14 ("Because a trial court is no longer required to provide a substantial and compelling reason for a departure from the sentencing guidelines under *Lockridge*, we need not review defendant's argument specifically concerning whether the reasons articulated by the trial court were substantial and compelling.") In *Lockridge*, 498 Mich at 392, the Court stated that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." However, in *Steanhouse* this Court

recognized that *Lockridge* did not set out the appropriate procedure for reviewing the reasonableness of a departure sentence. *Steanhouse*, 313 Mich App at ___; slip op at 21.

As a result, this Court in *Steanhouse* adopted the "principle of proportionality" test articulated by our Supreme Court in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), holding "that a sentence that fulfills the principle of proportionality under *Milbourn* and its progeny constitutes a reasonable sentence under *Lockridge*." *Steanhouse*, 313 Mich App at ___; slip op at 24. This Court later explained that "[i]n a nutshell, *Milbourn*'s 'principle of proportionality' requires a sentence "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Masroor*, ___Mich App___, ___; ___NW2d___ (2015) (Docket No 322280); slip op at 8, quoting *Milbourn*, 435 Mich at 636.

This Court in *Steanhouse* set forth the following procedure in cases such as this:

> Given that *Lockridge* overturned the substantial and compelling reason standard, *Lockridge*, ___ Mich at ___; slip op at 29, which was in place at the time of defendant's sentencing, and given our conclusion that the principle of proportionality established under *Milbourn* and its progeny is now the appropriate standard by which a defendant's sentence should be reviewed, we also find that the procedure articulated in *Lockridge*, and modeled on that adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005), should apply here. *Lockridge*, ___ Mich at ___; slip op at 33-36. As recently stated by this Court in *People v Stokes*, ___ Mich App ___, ___; ___NW2d ___ (2015); slip op at 11, "the purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence, so that it may be determined whether any prejudice resulted from the error." While the *Lockridge* Court did not explicitly hold that the *Crosby* procedure applies under the circumstances of this case, we conclude this is the proper remedy where, as here, the trial court was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing. [*Id*. at 25.]

In this case, as in *Steanhouse*, when the trial court sentenced defendant it "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality." *Id*. Thus, as in *Steanhouse*, this Court remands this case to the trial court for application of the *Crosby* procedure. On remand, the trial court must "specifically justify the *extent* of any departure sentence," and "explain why the sentence imposed is proportionate to the seriousness of the convicted offenses, taking into account defendant's background and any mitigating factors brought forward by counsel." *Masroor*, ___Mich App at ___; slip op at 11.

In reaching our conclusion, we are mindful that the prosecution argues that even if there were substantial and compelling reasons for the trial court to depart from the sentencing guidelines, the trial court erred because the sentence imposed was not proportionate to defendant's conduct and prior criminal history. However, even if this Court found that the trial court inadvertently satisfied the principle of proportionality under *Milbourn* when discussing the substantial and compelling reasons for its departure, "[t]he Court's language in *Steanhouse* leaves little room for deferential review" of the proportionality of a sentence imposed before

*Lockridge* was decided. *Masroor*, ___Mich App at ___; slip op at 10. Thus, in this case whether this Court concludes that defendant's sentence satisfies the principle of proportionality does not affect the outcome—this Court must remand to the trial court pursuant to the *Crosby* remand procedure, because when the trial court sentenced defendant it "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality." *Steanhouse*, 313 Mich App at ___; slip op at 25; see *Masroor*, ___Mich App at ___; slip op at 10 (ordering the *Crosby* remand procedure after a departure sentence without concluding whether the sentence was proportionate under *Milbourn*); see also *People v Shank*, 313 Mich App 221, ___; ___NW2d___ (2015) (Docket No 321534); slip op at 3, (ordering the *Crosby* remand procedure after a departure sentence without concluding whether the sentence was proportionate under *Milbourn*).

We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher